UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00173-GNS-HBB

NATALIE BACK, et al.                                                          PLAINTIFFS

v.

CENTURY MORTGAGE COMPANY                                          DEFENDANT

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on Century Mortgage Company's Motion to Dismiss. (DN 8). This motion is ripe for a decision, and for the reasons stated below, Century's Motion to Dismiss is **DENIED**.

**I. BACKGROUND**

On December 9, 2014, Plaintiffs Natalie Back, John Hishmeh, and Heather Walker ("Plaintiffs")[1] filed a Collective and Class Action Complaint alleging that Defendant Century Mortgage Company ("Century") had violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Kentucky Wages and Hours Act ("KWHA"), KRS 337.010-337.994. (Compl., DN 1). Plaintiffs allege that Century failed to pay loan mortgage officers and loan processors overtime compensation when they had worked in excess of 40 hours in a week, failed to pay loan mortgage officers minimum wage or greater, misclassified loan mortgage officers as exempt from provisions of the FLSA governing minimum wages and overtime compensation, and failed to record accurately and preserve records of hours worked by employees. (Compl., DN 1 at 13-15).

_____

[1] Two of the plaintiffs who initially joined in the Complaint, Jeffrey Panec and Kerri Gragg, voluntarily dismissed their claims against Century following the filing of Century's motion to dismiss. (DN 9).

On January 26, 2015, Century filed a Motion to Dismiss and Motion for Sanctions and Motion in the Alternative to Place the Case in Abeyance Pending the Final Ruling of the United States Supreme Court in *Perez v. MBA*. (DN 8).

On February 20, 2015, Plaintiffs filed their response. (DN 11). Century did not file a reply. Accordingly, Century's motion to dismiss is ripe for ruling.

## II. JURISDICTION

This Court has jurisdiction over Plaintiffs' FLSA claim as the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As to Plaintiffs' KWHA claim, this Court has jurisdiction over that claim as well, as the Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## III. STANDARD OF REVIEW

Motions pursuant to Fed. R. Civ. P. 12(b)(6) require the Court "to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citation omitted).

## IV. DISCUSSION

### A.     216(b) Consents

The FLSA dictates that any collective action pursued against employers who have allegedly violated its provisions is an "opt-in" action, *i.e.*, an individual must consent in writing to become a party to the action and that consent must be filed with the Court. 29 U.S.C. § 216(b).

2

Century argues that because Plaintiffs did not file their 216(b) consents at the same time as the complaint, they have failed to successfully pursue the proper form for a collective action pursuant to the FLSA. (DN 8-2 at 2-3). Plaintiffs filed their 216(b) consents on February 9, 2015, two weeks after Century filed its motion to dismiss and two months after Plaintiffs filed their complaint. (DN 10; DN 10-1; DN 10-2; DN 10-3).

Plaintiffs argue that they need not have filed their 216(b) consents with the complaint, that filing them at a later date is appropriate, and that because the consents have been filed Century's argument for dismissal due to the lack of consents is moot. (DN 11 at 3-4). On this point, it is well-settled that 216(b) consents may be filed following the filing of the complaint, with the understanding that "the action is not deemed commenced with respect to each individual plaintiff until his or her consent has been filed." *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1133 (D. Nev. 1999) (citations omitted).

While Century cites *Harkins v. Riverboat Servs., Inc.* in opposition, *Harkins* states only that if a written consent has not been filed for a particular plaintiff, that plaintiff is not a party to the action regardless of whether he or she is named in the complaint.[2] *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004). Because Plaintiffs have filed their individual consents as required by § 216(b), the case has been appropriately commenced.

### B.   AI 2010-01 and Job Duties

In its motion to dismiss, Century downplays the DOL administrator's interpretation 2010-01, which states, *inter alia*, "[b]ased on the following analysis it is the Administrator's interpretation that employees who perform the typical job duties of a mortgage loan officer, as

---

[2] *Kuhn v. Philadelphia Elec. Co.* is cited for the proposition that 216(b) consents must be filed with the complaint, but the core issue addressed in that decision is that of relation-back under Federal Rule of Civil Procedure 15(c) and its interaction with Section 216(b). *Kuhn v. Philadelphia Elec. Co.*, 487 F. Supp. 974, 975 (E.D. Pa. 1980).

described below, do not qualify as bona fide administrative employees exempt under section 13(a)(1) of the Fair Labor Standards Act, 29 U.S.C. § 213(a)(1)." U.S. Wage and Hour Division, Dep't of Labor, Administrator's Interpretation No. 2010-01, Application of the Administrative Exemption under Section 13(a)(1) of the Fair Labor Standards Act, 29 U.S.C. § 213(a)(1), to Employees who Perform the Typical Job Duties of a Mortgage Loan Officer (2010) [hereinafter AI 2010-01]. At the time Century's motion was filed, as well as Plaintiffs' response, the case of *Perez v. Mortgage Bankers Ass'n*, No. 13-1041, and consolidated case *Nickols v. Mortgage Bankers Ass'n*, No. 13-1052, had been argued before the United States Supreme Court, but an opinion had not been released.

*Perez* presented as an appeal by Thomas E. Perez, the Secretary of Labor, from a decision of the D.C. Circuit invalidating AI 2010-01. *Perez*, 135 S. Ct. 1199, 1205-06 (2015). On March 9, 2015, the Supreme Court issued its opinion in *Perez*. *Id.* at 1199. The Supreme Court noted that "[s]ection 4(b)(A) of the APA provides that, unless another statute states otherwise, the notice-and-comment requirement does not apply to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice." *Id.* at 1203-04 (citation omitted) (internal quotation marks omitted). The Court also noted that "[i]nterpretive rules do not have the force and effect of law and are not accorded that weight in the adjudicatory process." *Id.* at 1204 (citation omitted) (internal quotation marks omitted). The Court noted that it would not address the argument that AI 2010-01 is a legislative rule, as "[f]rom the beginning, the parties litigated this suit on the understanding that the Administrator's Interpretation was—as its name suggests—an interpretive rule." *Id.* at 1210. Thus, the DOL did not need to have a notice-and-comment procedure in order for AI 2010-01 to be valid. *See id.* at 1206.

The weight of AI 2010-01 in this Court's decision, however, is limited. "[I]nterpretations contained in formats such as opinion letters are 'entitled to respect' under [the Supreme Court's] decision in *Skidmore v. Swift & Co.*, but only to the extent that those interpretations have the 'power to persuade.'" *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000) (citation omitted) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). Thus, while an Administrator's Interpretation states "that employees who perform the typical job duties of a mortgage loan officer, as described below, do not qualify as bona fide administrative employees exempt under section 13(a)(1) of the Fair Labor Standards Act, 29 U.S.C. § 213(a)(1)," AI 2010-01, that interpretation is not binding on this Court.

By contrast, certain provisions of the Code of Federal Regulations, such as 29 C.F.R. § 541.200, are subject to great deference. *See Oetringer v. First Residential Mortg. Network, Inc.*, No. 3:06CV-381-H, 2007 WL 2990921 (W.D. Ky. Oct. 11, 2007) (analyzing an FLSA claim in light of 29 C.F.R. § 541.200). Part (a) of that provision of the Code of Federal Regulations states that:

(a) The term "employee employed in a bona fide administrative capacity" in section 13(a)(1) of the [Fair Labor Standards] Act shall mean any employee:
(1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . . exclusive of board, lodging or other facilities;
(2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
(3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a).

The dispute between the parties is whether Plaintiffs' primary job duties require significant discretion of judgment under 29 C.F.R. § 541.200(a)(3). Century argues that, AI 2010-01 aside, Plaintiffs' collection of "extensive personal data for the purpose of counseling

5

their clients on a major financial investment" shows "independent judgment with respect to matters of significance." (DN 8-2 at 7). Plaintiffs, predictably, disagree and point to paragraphs 17-27 of their Complaint as providing "ample detail on, without limitation, their compensation, primary duties, and the lack of independent discretion and control they had regarding their job functions, that make them ineligible for exempt status under section 541.200 of the Code of Federal Regulations . . . ." (DN 11 at 10).

Taking the Complaint in the light most favorable to Plaintiffs and accepting all their factual allegations as true, Plaintiffs alleged a set of facts entitling them to relief under the FLSA as to their positions as loan mortgage officers. (Compl. ¶¶ 17-46). The persuasive authority of AI 2010-01 leans in favor of designating loan mortgage officers as non-exempt employees. Plaintiffs' Complaint exactly mirrors the job duties described in AI 2010-01 as the typical job duties of mortgage loan officers, including: performing their duties inside the office of Century or from their home offices; receiving internal leads and contacting potential customers or receiving contacts from customers generated by direct mail or other marketing activity; collecting required financial information from customers , including certain kinds of personal information; and entering the collected financial information into a computer program that identifies which loan products may be offered to customers. *Compare* (DN 1 at 4-5), *with* AI 2010-01 at 1-2. Additionally, Plaintiffs specifically allege that their job responsibilities did not include the exercise of discretion or independent judgment. (Compl. ¶ 26).

The loan processor position is alleged to have even less authority than the loan mortgage officers. As alleged in the Complaint, "Defendant's loan processors gather loan documents, credit documents, appraisals, and other required documents to complete loan files. They maintain and update records and files for processing of each loan; verify for accuracy and completeness;

perform data entry; and package loan files after closing." (DN 1 at 5). These duties, as alleged, do not seem to involve discretion or the exercise of independent judgment. Accordingly, Plaintiffs have pleaded sufficient facts to show that their job duties did not meet the criteria of 29 C.F.R. § 541.200(a)(3). Thus, Century's motion to dismiss Plaintiffs' FLSA claims is denied.[3]

### C.  Statute of Limitations

Century next argues that Plaintiffs' FLSA claim is time-barred. (DN 8-2 at 8-9). Century asserts that Plaintiffs have not sufficiently pleaded willfulness on Century's part, meaning that any claims that are aged over two years, rather than three,[4] are time-barred. (DN 8-2 at 9). In their response, Plaintiffs clarify that they are seeking recovery of damages only for the three-year period preceding the commencement of this action, *i.e.*, from February 9, 2012 to February 9, 2015. (DN 11 at 5). They also note that the KWHA provides a five-year statute of limitations from the date the Rule 23 action was filed, which, in this case, would encompass the period from December 9, 2009, to December 9, 2014. (DN 11 at 5). Plaintiffs do not address Century's argument that they have not sufficiently pleaded Century's willfulness.

The United States Supreme Court has held, in this context, that the standard of willfulness is "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute . . . ." *McLaughlin*, 486 U.S. at 134. Plaintiffs have pleaded sufficient facts that, accepted as true, establish that Century acted willfully. Specifically, Plaintiffs assert that, "[u]pon information and belief, Defendant was aware of the March 2010 Department of Labor ruling that proclaimed that loan officers and processors like

---

[3] Century did not argue specifically that Plaintiffs' KWHA claim should be dismissed; it focuses solely on the FLSA.

[4] "Ordinary violations of the FLSA are subject to the general 2-year statute of limitations. To obtain the benefit of the 3-year exception, the [plaintiff] must prove that the employer's conduct was willful as that term is defined in both *Thurston* and this opinion." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 134 (1988).

Plaintiffs were non-exempt." (DN 1 at 7-8). Century's awareness of AI 2010-01 could establish a basis for Plaintiffs' allegation of knowledge or reckless disregard by Century. It reflects that Century knew that the DOL had ruled that the exempt status Century had assigned to its loan mortgage officers and loan processors was incorrect. Plaintiffs further claim that "Defendant eventually re-classified such employees as non-exempt," apparently in response to AI 2010-01. (DN 1 at 8). Accordingly, that Century then "continued to treat such employees as exempt and specifically instructed such employees to only record forty (40) hours each week regardless of how many hours they actually worked, and failed to pay such employees overtime compensation in compliance with federal and state law," could constitute a willful violation of the FLSA. (Compl. ¶ 40).

According to the Complaint, Century had knowledge that Plaintiffs needed to be classified as non-exempt under the FLSA. Century eventually re-classified Plaintiffs accordingly, but allegedly continued to operate as though Plaintiffs were exempt, thus potentially showing reckless disregard for whether its conduct was prohibited. Thus, Plaintiffs have sufficiently pleaded willfulness on Century's part, and Plaintiffs' FLSA claims between February 9, 2012, and February 9, 2015, (the only time period for which they are seeking to recover damages under the FLSA) will not be dismissed.[5] (DN 11 at 5).

### D. <u>Improper Purpose and Standing</u>

Century alleges that Plaintiffs have filed this case for an improper purpose, and that because of that improper purpose Plaintiffs do not have standing to act as class representatives. (DN 8-2 at 9-11). This argument stems from a case Century filed in Warren Circuit Court on August 29, 2014, naming Plaintiffs (as well as others) as defendants. (DN 8-2 at 9). Century

---

[5] Because Century has not addressed the statute of limitations in regard to Plaintiffs' claim under the KWHA, the Court makes no ruling on that issue.

argues that "[t]here can be no conclusion other than the motivation for this class action is to engage in the ongoing recruitment and competition, and to harm Century, rather than to address the claims of the Complaint fairly and openly." (DN 8-2 at 11). Century also asserts that, because of the ongoing litigation in Warren Circuit Court, Plaintiffs are not able to represent the class interests fairly and objectively. (DN 8-2 at 11).

Century cites no law for its proposition that Plaintiffs may not bring a colorable, legitimate claim against Century out of vengeance or in order to gain leverage; indeed, if personal animus served to weed out lawsuits, court dockets would be considerably lighter. Century also did not specifically allege malicious prosecution or abuse of process; thus, the Court will not entertain these as grounds to grant Century's motion to dismiss. Without law supporting its contention, Century's claim of improper purpose fails.

As to the suitability of Plaintiffs as class representatives, Plaintiffs represent that they will be filing motions "for conditional and class certification." (DN 11 at 13). The Court will address Plaintiffs' suitability as class representatives in the context of those motions. Should Plaintiffs fail to file those motions, Century would be entitled to renew its argument.

### E.     Request to Hold in Abeyance

Century's request to hold this case in abeyance pending the U.S. Supreme Court's decision in *Perez* is moot. The Supreme Court issued its opinion in *Perez* on March 9, 2015. *See Perez*, 135 S. Ct. at 1199.

### F.     Sanctions

Century titles its motion as, *inter alia*, Motion to Dismiss *and* Motion for Sanctions. (DN 8). Century has not, however, articulated support for sanctions under Rule 11, the Court's

inherent powers, or any other vehicle for sanctions.[6] For this reason, the motion for sanctions is **DENIED**.

## V. <u>CONCLUSION</u>

For the forgoing reasons, Century has failed to establish that, taking the complaint in the light most favorable to Plaintiffs, Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. Accordingly, **IT IS HEREBY ORDERED** that Century's motion to dismiss (DN 8) is **DENIED**.

cc:     counsel of record

---

[6] The only mention of sanctions is that "[f]inally, Century argues that the case was filed for an improper purpose and sanctions of opposing counsel are warranted." (DN 8-2 at 1).